

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*CRAIG CARPENITO*
*United States Attorney*

*401 Market Street, Fourth Floor*
*Camden, New Jersey 08101-2098*

*ALISA SHVER*
*Assistant United States Attorney*

*Direct Dial: 856.968.4864*
*Email: alisa.shver@usdoj.gov*

November 16, 2020

Gregory Pagano, Esquire
1315 Walnut Street, Floor 12
Philadelphia, PA 19107-4712

Re:   **Plea agreement with Josue Pichardo, a/k/a Josue Pichaldo, a/k/a Fito Abreu, a/k/a Rodolfo Abreu**   CR #21-289 (RMB)

Dear Mr. Pagano,

This letter sets forth the plea agreement between your client, Josue Pichardo, a/k/a Josue Pichaldo, a/k/a Fito Abreu, a/k/a Rodolfo Abreu, and the United States Attorney for the District of New Jersey ("this Office").

## Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Josue Pichardo to an Information charging Josue Pichardo with distribution and possession with intent to distribute 100 grams of more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). If Josue Pichardo enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Josue Pichardo for his role in the drug distribution activities set forth in the criminal complaint, Mag. No. 19-mj-2018 (JS). In the event, however, that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Josue Pichardo agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Josue Pichardo may be commenced against him, notwithstanding the expiration of the limitations period after Josue Pichardo signs the agreement.

## Sentencing

The violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), to which Josue Pichardo agrees to plead guilty carries a statutory mandatory minimum prison sentence of 5 years, a statutory maximum prison sentence of 40 years, and a statutory maximum fine equal to the greatest of: (1) $5,000,000; or (2) twice the amount of any pecuniary gain that any persons derived from the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Josue Pichardo is within the sole discretion of the sentencing judge, subject to any applicable statutory mandatory minimum, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Josue Pichardo ultimately will receive. However, Josue Pichardo is subject to the 5-year mandatory minimum sentenced established by 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Further, in addition to imposing any other penalty on Josue Pichardo, the sentencing judge: (1) will order Josue Pichardo to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Josue Pichardo to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order Josue Pichardo, pursuant to 18 U.S.C. § 3555, to give notice to any victim of his offense; (4) must order forfeiture pursuant to 21 U.S.C. § 853; (5) may deny Josue Pichardo certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (6) pursuant to 21 U.S.C. § 841(b)(1)(B), must require Josue Pichardo to serve a term of supervised release of at least 4 years with a maximum of lifetime supervised release, which will begin at the expiration of any term of imprisonment imposed. Should Josue Pichardo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Josue Pichardo may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Josue Pichardo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Josue Pichardo's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Josue Pichardo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which is hereby made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Josue Pichardo from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties

reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Josue Pichardo waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

Josue Pichardo understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Josue Pichardo understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Josue Pichardo wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Josue Pichardo understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Josue Pichardo waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Josue Pichardo. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Josue Pichardo.

No provision of this agreement shall preclude Josue Pichardo from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Josue Pichardo received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the plea agreement between Josue Pichardo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Alisa Shver
Assistant U.S. Attorney
District of New Jersey

APPROVED:

ANDREW CAREY
Assistant U.S. Attorney
Attorney-In-Charge, Camden Office


I have received this letter from my attorney, Gregory Pagano, Esquire. It has been translated for me into Spanish, and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, registration, and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Josue Pichardo_  Date: 2/19/21
Josue Pichardo
Defendant

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, registration, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_Gregory Pagano_  Date: 3/31/21
Gregory Pagano, Esquire
Attorney for Josue Pichardo

5

## Plea Agreement With Josue Pichardo

### Schedule A

1. This Office and Josue Pichardo recognize that the Unites States Sentencing Guidelines are not binding upon the Court. This Office and Josue Pichardo nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2D1.1. Josue Pichardo agrees that he distributed and possess with intent to distribute at least 700 grams but less than 1 kilogram of heroin. The parties agree that this results in a base offense level of 28. *See* U.S.S.G. § 2D1.1(c)(6).

4. As of the date of this letter, it is expected that Josue Pichardo will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Josue Pichardo's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

5. As of the date of this letter, it is expected that Josue Pichardo will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Josue Pichardo's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Josue Pichardo enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Josue Pichardo's acceptance of responsibility has continued through the date of sentencing and Josue Pichardo qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Josue Pichardo's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Josue Pichardo will be 25 (collectively, the "agreed total Guidelines offense level"), subject to any applicable mandatory minimum.

7. The parties agree that they may seek or argue for any upward or downward departure, variance, or adjustment not set forth herein.

8. Josue Pichardo knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if the sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 25. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if the sentence is within or above the Guidelines range that results from the agreed total Guidelines offense level of 25. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

       9.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.