

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

---

*PHILIP R. SELLINGER*  
United States Attorney

*ELISA T. WIYGUL*  
Assistant United States Attorney

*401 Market Street, Fourth Floor*  
*Camden, New Jersey 08101-2098*

*Direct Dial: 856.968.4929*  
*Email: elisa.wiygul@usdoj.gov*

October 5, 2022

**VIA ECF AND HAND DELIVERY**

Hon. Renée Marie Bumb  
United States District Judge  
District of New Jersey  
One John F. Gerry Plaza  
Camden, New Jersey 08101

      Re:   *United States v. Josue Pichardo, a/k/a Josue Pichaldo,*  
              *a/k/a Fito Abreu, a/k/a Rodolfo Abreu*,  
              Crim. No. 21-289

Dear Judge Bumb:

      At a hearing on September 7, 2022, this Court ordered further briefing regarding the parties' joint request that the Court permit the defendant to withdraw his previous guilty plea to possession with intent to distribute of 100 grams or more of heroin on or about March 7, 2019 in Camden County, New Jersey and elsewhere, Docket No. 33, and enter a new plea to conspiracy to possess with intent to distribute 100 grams or more of heroin and 40 grams or more of fentanyl from in or around February 2019 through on or about April 3, 2019 in Camden County, New Jersey and elsewhere.

      Upon review of the file, the Government determined that the Information to which the defendant had pled guilty was factually inaccurate. Therefore, the Government—being bound by its prior stipulation that the base offense level was 28 but having come to the conclusion that the accuracy of the original Information should be improved because the defendant did not actually possess 100 grams of heroin in Camden on March 7, 2019—extended the new plea offer to the defendant in an effort to, in good faith, place him in the same position intended by the original plea agreement.

**I.    The Parties' Request to Permit Withdrawal of the Prior Guilty Plea and Entry of a New Guilty Plea**

      Under Federal Rule of Criminal Procedure 11(d)(2)(B), "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." The Third Circuit has explained that courts "must look primarily to three factors in evaluating a motion to withdraw a guilty plea: '(1) whether the

defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.'" *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (quoting *United States. v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)). No one factor is dispositive. *See United States v. Wilder*, 134 F. App'x 527, 528 (3d Cir. 2005) (non-precedential) (citing *Jones*, 336 F.3d at 252-55).

As noted in defense counsel's filing on behalf of the parties dated August 9, 2022, Docket No. 59, the parties respectfully submit that there is sufficient cause to withdraw the original guilty plea in this case because the Information to which the defendant pled guilty is inaccurate. *See* Information, Docket No. 33. Although the defendant did possess 100 grams or more of heroin as part of his criminal conduct, he did so in *Pennsylvania*, not in Camden County. Further, the defendant's heroin possession took place in Pennsylvania on *April 3, 2019*, not on *March 7, 2019*. Finally, the only substance the defendant actually distributed and possessed with intent to distribute in Camden County on March 7, 2019 (or at any time, as far as the proofs have revealed) was *fentanyl*. For these reasons, the Government submits that there is a "fair and just reason" for the defendant's withdrawal of the prior guilty plea and the entry of the new guilty plea, and joins in the defense motion for withdrawal. *See* Fed. R. Crim. P. 11(d)(2)(B).

The Court must satisfy itself that an adequate factual basis appears in the record to accept a defendant's guilty plea. *See, e.g.*, *United States v. Lessner*, 498 F.3d 185, 197 (3d Cir. 2007). Here, the original Information charged the defendant with distributing and possessing with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Drug amounts that are possessed at different times may not be aggregated to reach an amount that triggers a mandatory minimum under 21 U.S.C. §§ 841(b)(1)(A) or 841(b)(1)(B). *See United States v. Rowe*, 919 F.3d 752, 761 (3d Cir. 2019). By contrast, drug amounts that are possessed at different times *may* be aggregated to reach an amount that triggers a mandatory minimum under 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute controlled substances—the charge contained in the parties' proposed Superseding Information. *See United States v. Williams*, 974 F.3d 320, 365-67 (3d Cir. 2020) (each co-conspirator may be held responsible for all drug amounts "reasonably foreseeable to the defendant as a natural result of his unlawful agreement").[1]

## II.     The Identity of the Substance Purchased From the Defendant on March 7, 2019

The Government stands by the stipulations in its new plea agreement.

At the September 7, 2022 hearing, the Court asked whether there was any heroin in the narcotics that the Government's confidential source purchased from the defendant on March 7, 2019. There was not. In accordance with the Court's order that the parties brief the Court about how this situation developed, and with the Government's duty of candor to the Court, the Government attaches all six of the drug laboratory reports known to the undersigned to be associated with this investigation. All of these reports were previously provided to U.S. Probation via e-mail on April 10, 2021, as part of the PSR process. The laboratory reports are described as follows:

---

[1] To answer one of the questions posed by the Court at the September 7, 2022 hearing, the defendant need not know the identity or weight of the controlled substance he distributed, possessed with intent to distribute, or conspired to distribute or possess with intent to distribute. He need only know that what he possessed or distributed was *some* controlled substance. *See Williams*, 974 F.3d at 363-64.

| Date Substance Acquired | DEA Exhibit No. | Substance(s) | Net Weight | Notes |
|---|---|---|---|---|
| February 28, 2019 | 8 | Fentanyl only | 0.953 g | The defendant agreed at his plea hearing that this substance contained heroin and fentanyl and that it weighed 32.8 grams. However, 32.8 grams was the gross weight, whereas 0.953 grams is the correct net weight, and the laboratory report found a detectable amount of fentanyl only, not heroin. The Government objected to the draft PSR, and U.S. Probation agreed and changed this weight to 0.953 g. *See* Revised Final PSR ("PSR") ¶¶ 9, 25, 26. |
| March 6, 2019 | 9 | Fentanyl only | 49.2669 g | This purchase took place in Philadelphia and is not included in the parties' stipulations, nor reflected in the PSR. This substance field tested positive for heroin soon after the seizure, but the laboratory report found only fentanyl, not heroin.<br><br>Exhibit 9 was e-mailed to U.S. Probation on April 10, 2021, but the PDF was mistakenly labeled "Lab Report for Controlled Purchase March 7, 2019_Redacted.pdf." The Government regrets any confusion this may have caused with respect to the drug weights attributable to the defendant. It appears that the "49.2 grams" of fentanyl that the PSR and plea memoranda state were recovered on March **7**, 2019, was actually derived from the 49.2669 grams of fentanyl that were recovered on March **6**, 2019. |
| March 7, 2019 | 10 | Fentanyl only | 50.177 g | This is the only purchase that took place in Camden. This is the date charged in the original Information. The defendant agreed at his plea hearing that this substance contained heroin. However, based on the laboratory report, the only controlled substance it contained was fentanyl. The field test for this substance performed soon after the seizure was inconclusive.<br><br>This purchase is reflected in the PSR ¶¶ 11, 12, 25, 26, but the drug weight is inaccurately listed as 49.2 grams, whereas the weight of the substance recovered on March 7, 2019, was 50.2 grams when rounded to the nearest tenth of a gram. |

| Date Substance Acquired | DEA Exhibit No. | Substance(s) | Net Weight | Notes |
|---|---|---|---|---|
| April 3, 2019 | 11 | Fentanyl and heroin | 219.8 g | This substance was recovered from the defendant's residence in Philadelphia. It is reflected in the PSR ¶¶ 22, 25, 26. |
| April 3, 2019 | 12 | Fentanyl and heroin | 643.4 g | The defendant had this substance in his hand in Philadelphia and threw it after law enforcement approached him. It is reflected in the PSR ¶¶ 20, 25, 26. |
| April 3, 2019 | 13 | Heroin only | 64.6 g | This substance was recovered from the defendant's alleged co-conspirator's residence in Philadelphia. It is not attributed to the defendant in the parties' stipulation and is not mentioned in the PSR. |

As noted, the Government stands by its plea agreement. In order to fully and accurately respond to the Court's direct orders and inquiries, the Government notes that, if the fentanyl recovered on March 6, 2019, were incorporated into the weighted average of narcotics for which the defendant were held responsible, then the total fentanyl for which he was responsible would be 100.3969 grams (0.953 + 49.2669 + 50.177), which translates to approximately 250.99 kilograms of Converted Drug Weight under U.S.S.G. § 2D1.1, Application Note 8(D). His total weighted average Converted Drug Weight would increase to approximately 1,114.19 kilograms, which corresponds to base offense level 30, or level 27 after acceptance of responsibility. In contrast, the PSR, and the parties' new plea agreement dated June 30, 2022, find the defendant responsible for 988.6 kilograms of Converted Drug Weight, which corresponds to base offense level 28, or level 25 after acceptance of responsibility.

As previously stated, it was the intent of the Government and the parties—in the interest of fairness—that the new plea agreement would encompass the same relevant conduct that was already reflected in the Revised Final PSR, with the same guidelines level and the same mandatory minimum to which the parties were already bound.[2]

### III.  Whether the Defendant's Guilty Plea Waived Any Objection as to Venue

At the September 7, 2022, hearing, the Court observed that the defendant possessed 100 grams or more of heroin in Philadelphia on April 3, 2019, approximately four weeks after the March 7, 2019, date charged in the original Information. This Court ordered the parties to address whether the defendant waived any objection to venue when he pled guilty to that Information.

The Third Circuit has held that a guilty plea waives any challenges to venue. *See United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010). Because the Information to which the defendant pled guilty is inaccurate, a question may be raised about whether the defendant made a knowing and intelligent waiver of any challenges to venue. Allowing the parties to go forward on the basis of a new plea has the additional virtue of eliminating that issue.

---

[2] The defense originally objected to counting the fentanyl as part of the relevant conduct. *See* PSR at 29-30. However, the defense withdrew the objection as moot because the Revised Final PSR reflected that the defendant was responsible for a drug weight corresponding to offense level 28 before acceptance of responsibility. *See* Sentencing Tr. 3-5; PSR at 32.

4

### IV. Whether "On or About March 7, 2019" May Encompass the Defendant's Criminal Conduct on April 3, 2019

The Court also ordered briefing as to whether, as a matter of law, the date of "on or about March 7, 2019" in the Information could be expansive enough to encompass the defendant's conduct on April 3, 2019, in Philadelphia.

The Third Circuit Model Jury Instructions state, "[t]he Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged." 3d Cir. Model Jury Instruction 3.08.

Thus, where the elements of the offense remain the same between the charged date and the date proven up at trial, the court must consider whether that variance caused any prejudice to the defendant. *See Real v. Shannon*, 600 F.3d 302, 308 (3d Cir. 2010) ("[W]here, as here, the government's evidence proves that an offense was committed within a month of the month specified in an 'on or about' indictment or information, the 'reasonably near' requirement is satisfied."); *United States v. Somers*, 496 F.2d 723, 744 (3d Cir. 1974) (quoted in comments to Model Jury Instructions; finding no prejudice from variance of nearly a year); *United States v. Schurr*, 775 F.2d 549, 558 (3d Cir. 1985) (quoted in comments to Model Jury Instructions; noting that "in a case involving an alibi defense, a variance in proof of a date is not material in the absence of some specific evidence of prejudice"), *panel rehearing granted on other grounds*, 794 F.2d 903, 909 (3d Cir. 1986) (affirming but characterizing indictment as "overbroad and imprecise"); *United States v. Krepper*, 159 F.2d 958, 964-65 (3d Cir. 1946) (cited by *Schurr*, 775 F.2d at 559; affirming conviction where act may have occurred within one of four consecutive months, stating "that where time is not an element of an offense, a variance between the date alleged and the date proved is not material and that proof of the commission of the crime on any day from the finding of the indictment, and within the statute of limitations, is sufficient").

\* \* \* \* \*

For the reasons stated above, as well as those the Government expressed at the hearing on September 7, 2022, the Government respectfully requests that this Court permit the defendant to withdraw his previous guilty plea to the original Information, and enter a new guilty plea, pursuant to the updated plea agreement, to the proposed Superseding Information. However, in the event this Court decides not to permit the defendant to withdraw his guilty plea, the Government respectfully requests that this Court promptly set a date for sentencing so that the defendant can be sentenced and a judgment of conviction entered.[3]

---

[3] The Government presently anticipates that its sentencing recommendation will be the same regardless of which plea agreement, and which Information, is in operation at the time of the sentencing hearing.

Thank you for your consideration in this matter.

                                                        Respectfully submitted,

                                                        PHILIP R. SELLINGER
                                                        United States Attorney

                                                        By:  Elisa T. Wiygul
                                                        Assistant U.S. Attorney

cc:      Stanley O. King, Esq. (via ECF)