[Docket Nos. 59, 63]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

U.S.A.,

        Plaintiff,

v.

JOSUE PICHARDO,
*also known as* JOSUE PICHALDO,
*also known as* FITO ABREU,
*also known as* RODOLFO ABREU,

        Defendant.

Crim. No. 21-289 (RMB)

OPINION

**APPEARANCES**

Alisa Shver, Assistant U.S. Attorney
Elisa T. Wiygul, Assistant U.S. Attorney
U.S. Attorney's Office, District of New Jersey
401 Market Street, 4th Floor
Camden, NJ 08102

    *On behalf of the United States of America*

Stanley O. King
King & King, LLC
231 S. Broad Street
Woodbury, NJ 08096

    *On behalf of Defendant Josue Pichardo via CJA Appointment*

**BUMB, Chief District Judge**

    This matter comes before the Court upon the Joint Request to Permit Withdrawal of Defendant Josue Pichardo's Prior Guilty Plea. [Docket Nos. 59, 63 (together, the "Joint Request for Withdrawal").] Both parties maintain that the Information to which Defendant pled guilty inaccurately charged him with illegal possession of heroin on March 7, 2019, in

Camden County, New Jersey, when the controlled substance Defendant actually possessed on such date there was fentanyl. Subsequent laboratory testing conducted after Defendant's guilty plea before this Court confirmed that the controlled substance Defendant possessed in Camden County on March 7, 2019, was, in fact, 50.2 grams of fentanyl (rounded to the nearest tenth of a gram). [*See* Docket No. 63, Ex. 10.] During the plea allocution, Defendant also pled guilty to possessing heroin in Philadelphia weeks later, on April 3, 2019, among other relevant criminal conduct. [Docket No. 57, at 28:10–29:12.]

The parties now ask this Court to allow Defendant to withdraw his prior guilty plea not only (1) to correct a factual inaccuracy in the record since he pled guilty to possession of the wrong controlled substance in this District, but also (2) because Defendant was deprived of a meaningful opportunity to object to venue before waiving it through his plea. Having carefully reviewed the record presently before it and the controlling legal authorities in this context, the Court does not agree. As set forth below, the Court will not permit Defendant to withdraw his prior guilty plea because the parties have failed to present a "fair and just reason for requesting withdrawal" as required by Federal Rule of Criminal Procedure 11(d)(2)(B).

I.     FACTUAL AND PROCEDURAL BACKGROUND

The Information charged Defendant with violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), expressly stating that "[o]n or about March 7, 2019, in Camden County, in the District of New Jersey and elsewhere" Defendant "did knowingly and intentionally distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance." [Docket No. 33 (the "Information").] On April 7, 2021, Defendant pled guilty before this

Court to the Information charging such offense. [Docket No. 38 (the "Plea Agreement").] On October 8, 2021, Defendant filed a *pro se* letter with the Court requesting to withdraw his guilty plea because the Revised Final Presentence Investigation Report was inconsistent with his understanding of the sentencing guideline range as explained to him by his then-counsel. [Docket No. 46.]

On September 7, 2022, a hearing was held before this Court, at which Defendant's newly appointed CJA counsel and the Government jointly requested that the Court permit Defendant to withdraw his prior guilty plea. [Docket No. 60.] At the hearing, the Government argued that since Defendant had not possessed heroin in Camden County, an accurate charge would be conspiracy to possess with intent to distribute 100 grams or more of heroin and 40 grams or more of fentanyl from in or around February 2019 through on or about April 3, 2019, in Camden County, New Jersey and elsewhere. At the conclusion of the hearing, the Court ordered further briefing from the parties, including as to whether Defendant waived any challenges to venue in entering his guilty plea.

The Government submitted its supplemental briefing on October 5, 2022. [Docket No. 63.] Therein, it argued that the Joint Request for Withdrawal should be granted according to the Third Circuit's decision in *United States v. Wilson*, 974 F.3d 320, 365-67 (3d Cir. 2020). The Government contends that Defendant waived any venue challenges by entering his guilty plea, wherein he admitted to possessing heroin in Philadelphia, but that his lack of knowledge as to the factual inaccuracy in the Information is nevertheless a sufficient reason to allow withdrawal. Further, the Government argues that it is bound by its original plea agreement with Defendant, and thus an offense level of 28 should be preserved. [Docket No 63, at 1.] Defendant joined entirely in the Government's supplemental briefing

and raised no additional substantive legal arguments in his supplemental brief. [Docket No. 64.]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a plea of guilty after the court accepts the plea if he does so before sentencing and "can show a fair and just reason for requesting the withdrawal." In *Wilson*, the Third Circuit explained that in deciding a motion for withdrawal of a guilty plea, courts primarily consider the following three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir 2005) (quoting *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2023)). The *Wilson* Court found that neither of the first two factors weighed in favor of withdrawing a defendant's guilty plea based upon a bald assertion of innocence without supporting factual allegations and since a sufficient Rule 11 plea colloquy was conducted where the trial court took care to determine voluntariness. *Id.* at 458-69. This left no need for the *Wilson* Court to reach the third factor. *Id.* at 460, note 5 (citing *Jones,* 336 F.3d at 255) (finding that "the Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea").

## III. ANALYSIS

Generally, not every factual inaccuracy in an Information will necessitate the withdrawal of a criminal defendant's prior guilty plea. The question turns on the nature of the inaccuracy. Here, the Court draws an analogy to the oft-unsuccessful "mistake of fact" defense; when a defendant is charged with possession of one controlled substance but argues

that he actually possessed another, he remains criminally liable for possession of the actually possessed controlled substance. *See United States v. Barbosa*, 271 F.3d 438 (3d Cir. 2001) (concluding that the district court properly determined a sentence for cocaine, rather than heroin, even though defendant believed he was carrying cocaine because the *mens rea* requirement of knowledge was satisfied as to possession of a controlled substance). Similarly, this Court finds that when possession of either of two controlled substances is prohibited by the same criminal statute, an Information charging a defendant with possession of one controlled substance in violation of that statute when he actually possessed another does not absolve a defendant of criminal liability or otherwise weigh in favor of his purported innocence.

Here, the Information charged Defendant with illegal possession of a controlled substance in Camden County, New Jersey, on March 7, 2019. The Information charged Defendant with possessing heroin, but he possessed fentanyl. However, both drugs are "controlled substances" under the statute. To be sure, 21 U.S.C. § 841(a)(1) criminalizes possession of any controlled substance with intent to distribute, and subsection (b)(1)(B) specifically captures 100 grams of more of a mixture or substance containing a detectable amount of heroin in prong (i) and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl in prong (vi).[1] *See also United States v. Taylor*, Crim. No. 18-0093, 2022 WL 1046566 (W.D. Pa. April 6, 2022); *United States v. Johnson*, Crim. No. 18-0062, 2021 WL 719659 (W.D. Pa. Feb 24, 2021). Although the Information specifically charged Defendant with possession of heroin when he actually possessed fentanyl, both are

---

[1] Prong (vi) also criminalizes possession of 10 grams or more of a mixture or substance containing a detectable amount of any fentanyl analogue.

prohibited by the same criminal statute in the respective quantities codified as to each controlled substance.

Other than this distinction about which controlled substance Defendant possessed regarding the March 7, 2019, offense in Camden County and for which Defendant was charged, neither Defendant nor the Government challenge the underlying date or venue of such offense. The transcript from the plea colloquy before this Court makes clear that Defendant voluntarily admitted to both the date and specific location underlying the specific offense to which he pled guilty:

> THE COURT: On March 7, 2019, did you drive from Philadelphia, Pennsylvania to the Arelis Restaurant located at 2198 River Avenue in Camden, New Jersey?
>
> THE DEFENDANT: Yes.
>
> THE COURT: At that location, did you meet a person and deliver to him a bag containing approximately 49.2 grams of a mixture containing a detectable amount of heroin in exchange for an amount of cash?[2]
>
> THE DEFENDANT: In there, yes.

[Docket No. 57 ("Transcript of Plea").]

The Court finds that Defendant admitted to possessing a controlled substance at the time and place set forth in the Information. The emphasis the Government now places on

---

[2] As set forth in the Government's supplemental brief, this was the only purchase that took place in Camden County, New Jersey. [Docket No. 63, at 3.] Based on the laboratory report for this purchase, the only controlled substance contained was fentanyl. [*Id.*, Ex. 10.] Although the Camden County purchase was referenced in the Revised Final Presentence Investigation Report [*See* Docket No. 43 ¶¶ 11, 12, 25, 26], the weight of fentanyl confirmed through laboratory testing was 50.2 grams rounded to the nearest tenth of a gram (out of a gross weight of 109.1 grams for the powder mixture) and not 49.2 grams as listed in the Revised Final Presentence Investigation Report. In any event, there is no dispute that the mixture Defendant possessed and distributed in Camden County, New Jersey, on March 7, 2019, contained more than 40 grams of detectable fentanyl, which constitutes a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) as charged in the Information.

relevant criminal conduct that occurred in April 2019 in Philadelphia is a red herring. The narrow issue raised by the parties' submissions is that the Information is inaccurate as to which controlled substance Defendant possessed on that same date and within that same venue set forth in the Information. The parties' argument that venue may be improper is also severely misplaced.[3]

The Court now turns to whether the factual inaccuracy in the Information represents a fair and just reason for requesting withdrawal of Defendant's guilty plea pursuant to Federal Rule of Civil Procedure 11(d)(2)(B). Applying the standard articulated in *Wilson*, the Court finds that this factual inaccuracy, which has no greater effect than altering the *manner* in which the underlying criminal statutes were violated, is no such reason. The Court now considers the *Wilson* factors, in turn.

First, Defendant does not "maintain his innocence." *Wilson*, 429 F.3d at 458. As explained, Defendant and the Government assert only that Defendant is innocent of possessing heroin in Camden County, not that he is innocent of possessing a controlled substance there in violation of the criminal statutes for which he was charged and pled guilty.

Second, the Court finds that Defendant provides no reason for withdrawing his guilty plea that is of sufficient "strength." *Id.* The *Wilson* Court entertained the idea that coercion in entering one's guilty plea would be a reason of sufficient strength to support withdrawal, but ultimately found no coercion had occurred and there was no other sufficiently strong reason for withdrawal. *Id.* at 459. Here, Defendant alleges no coercion in

---

[3] Indeed, Defendant pled guilty to one count, violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) for conduct that occurred in Camden County, New Jersey. Thus, venue is proper.

entering his guilty plea, only ignorance as to its factual inaccuracy. Since, as established, this factual inaccuracy does not expose Defendant to liability under a provision inapplicable to his conduct, the Court is not convinced that ignorance of it is a sufficiently strong reason for withdrawal.

Third and finally, it is unclear to this Court how the Government here would be "prejudiced by the withdrawal." *Id.* at 458. Because the first two factors weighed against withdrawal, *Wilson* did not even reach that prong and neither did its predecessor case. *See Jones*, 336 F.3d at 245. Rather, the Third Circuit found that such prejudice need not be shown when a defendant fails to show that the other two factors support a withdrawal of the plea. *Jones*, 336 F.3d at 255. The Government has presented no convincing explanation as to how it will be prejudiced and fails to articulate how *any* of the three *Wilson* factors weigh in favor of the pending request.

## IV.   CONCLUSION

For the foregoing reasons, the Joint Request for Withdrawal will be DENIED. An accompanying Order shall issue on this date.

| | |
|---|---|
| <u>May 24, 2023</u><br>Date | <u>s/Renée Marie Bumb</u><br>Renee Marie Bumb<br>Chief District Judge |