[Docket No. 70]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>JOSUE PICHARDO,<br>*also known as* JOSUE PICHALDO,<br>*also known as* FITO ABREU,<br>*also known as* RODOLFO ABREU,<br><br>  Defendant. | Crim. No. 21-289 (RMB)<br><br>OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge:**

After losing its joint motion to withdraw Defendant Josue Pichardo's guilty plea, the Government now moves to dismiss the Information against him under Federal Rule of Criminal Procedure 48(a). That Rule severely limits a court's discretion to deny the Government's motion, and refusal to dismiss is appropriate only in the rarest cases. The Court finds the Government's proffered reasons to dismiss the Information are proper, not contrary to the public's interest, and fall within core prosecutorial decision-making. Thus, the Court **GRANTS** the motion.

  **I.  BACKGROUND**

The parties are all too familiar with the facts here, and the Court writes primarily for them. In short, the Government and Pichardo agreed on a plea deal where Pichardo pled guilty to an Information charging him with "knowingly and intentionally distribut[ing] and possess[ing] with the intent to distribute 100 grams or more of a mixture containing a detectible amount of heroin," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *United*

*States v. Pichardo*, 2023 WL 3644952, at *1 (D.N.J. May 24, 2023). Pichardo admitted, under oath, to possessing and distributing heroin in Camden as outlined in the Information. *Id.* But, unbeknownst to either party, Pichardo possessed fentanyl while in Camden, not heroin. *Id.* Indeed, following his guilty plea, the Pre-Sentence Report revealed Pichardo possessed fentanyl in Camden. [Docket Nos. 41, 43.] In addition, the Probation Office in the Pre-Sentence Report calculated Pichardo's total offense level at 31, with a basic offense level at 28. [Docket No. 43.] Based on the sentencing guidelines, the Probation Office recommended a sentencing range from 188 to 235 months. [*Id.*]

After the Probation Office issued the report, Pichardo filed a letter with the Court requesting a hearing to "fix" his plea agreement or withdraw his guilty plea. [Docket No. 46.] According to Pichardo, his attorney had told him that if he pled guilty, his "offense level would be 25" and he would receive a sentence within the range of 84 to 105 months. [*Id.*, Ex. A.] Pichardo claimed his lawyer "lied" and misled him. [*Id.*]

The Court then held a hearing on Pichardo's request when the parties jointly asked the Court to allow Pichardo to withdraw his guilty plea. *Pichardo*, 2023 WL 3644952, at *1-2. In support of that request, the Government "argued that since [Pichardo] had not possessed heroin in Camden County, an accurate charge would be conspiracy to possess with intent to distribute 100 grams or more of heroin and 40 grams or more of fentanyl from in or around February 2019 through on or about April 3, 2019, in Camden County, New Jersey and elsewhere." *Id.* at 1. The Government added the Information Pichardo pled guilty to was factually inaccurate, and so, the Court had "fair and just" reasons to allow him to withdraw his plea. [Docket No. 63.]

This Court ultimately denied the parties' joint request, finding they failed to present "fair and just" reasons for Pichardo to withdraw his guilty plea. *Pichardo*, 2023 WL 3644952, at *2-4. The Court found the Information's factual inaccuracy only altered "the *manner* in which the underlying criminal statutes were violated." *Id.* at *3 (emphasis in original). The Court also found Pichardo never asserted his innocence (indeed, he was steadfast in his admission that he possessed drugs, but just the wrong kind), his reasons to withdraw his plea were weak (the Information's factual inaccuracy), and the Government offered no explanation on the prejudice, if any, it would suffer if the Court allowed Pichardo to withdraw his plea. *Id.* at *3-4.

## II.  GOVERNMENT'S RULE 48(A) MOTION

After denying the joint application, the Court directed the Government to file a sentencing memorandum addressing: (1) whether this Court's order denying the joint request to allow Pichardo to withdraw his guilty plea affected the Probation Office's sentencing guidelines calculation; and (2) Pichardo's claims the Government misrepresented his criminal history and offense level. [Docket No. 68.]

The Government submitted the sentencing memorandum, arguing the Court's decision did not impact the Probation Office's original sentencing guidelines calculation, and the Pre-Sentence Report accurately reflects that Pichardo qualifies as a Career Offender. [Docket No. 70, at 2.] The Government goes onto explain Pichardo repeatedly lied about his identity to the Probation Office, and thus Pichardo may qualify for a two-level obstruction of justice sentencing enhancement, which, in turn, jeopardizes his eligibility for an acceptance of responsibility sentencing reduction. [*Id.* at 2-3.]

3

The Government also explains it never misrepresented Pichardo's criminal history as he claims. [*Id.* at 4-7.] The Government asserts Pichardo's plea agreement contains no misrepresentation on his criminal history category or sentencing guideline range. [*Id.* at 4-5.] Still, the Government contends when formulating Pichardo's plea agreement, the Government and Pichardo's former counsel believed Pichardo's 2013 Pennsylvania state conviction for possessing drugs with intent to distribute had been vacated, which would have prevented him from being classified as a Career Offender under the sentencing guidelines. [*Id.* at 5-6.] Because Pichardo had been resentenced on that state conviction and the conviction reimposed (which neither the Government nor Pichardo's former counsel knew about), the conviction caused Pichardo to be categorized as a Career Offender. [*Id.* 6-7.]

Setting all that aside, the Government now moves under Federal Rule of Criminal Procedure 48(a) to dismiss the Information. [*Id.* at 7-8.] The Government asserts that under *United States v. Lacy*, "drug identity and quantity must be treated as elements" for a Section 841 possession with intent to distribute offense. [*Id.* at 7 (quoting *United States v. Lacy*, 446 F.3d 448, 453-54 (3d Cir. 2006)).] The Government regrets failing to bring *Lacy* to this Court's attention, arguing the Court may have reached a different decision on the joint motion to withdraw Pichardo's guilty plea had it known about *Lacy*. [*Id.*] The Government appears to now argue the Information's factual inaccuracy on the drug quantity and type render Pichardo's guilty plea invalid under *Lacy* because he is "factually innocent." [*Id.*]

The Government also explains a Rule 48(a) dismissal is appropriate to allow it to recharge Pichardo under a charging instrument with the correct drug type. [*Id.*] In addition, if the Court grants the Rule 48(a) motion, the Government plans to recharge Pichardo under 21 U.S.C. § 841(b)(1)(C)'s penalty provision, which does not call for a mandatory minimum

4

sentence. [*Id.* at 8.] According to the Government, prosecuting Pichardo for an offense that does not carry a mandatory minimum sentence complies with the Department of Justice's (DOJ) new guidance on charging, pleas, and sentencing in drug cases. [*Id.* at 7.]

Pichardo has not opposed the Government's Rule 48(a) motion even though he had notice of it.

### III. DISCUSSION

By Federal Rule of Criminal Procedure 48(a), the "[G]overnment may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Rule 48(a) allows the prosecution to dismiss after a defendant has pled guilty, been sentenced, and even appealed his or her conviction. *See, e.g.*, *United States v. Hughes*, 726 F.3d 656, 663 (5th Cir. 2013) (ruling district court abused its discretion by denying the Government's Rule 48 motion to dismiss counts defendant pled guilty to); *United States v. Gonzalez*, 58 F.3d 459, 462 (9th Cir. 1995) (reversing district court's order denying the Government's uncontested Rule 48 motion to dismiss indictment count following defendant's guilty plea); *see generally* 3B Wright & Miller, *Fed. Prac. & Proc. Crim.* § 802 (4th ed. 2013) ("Rule 48(a) continues to apply even after conviction and sentencing while the case is on direct appeal, and the same standard applies to [the] Government request for dismissal at that stage as applies if the request came prior to trial.").

A court's discretion under Rule 48(a) "is severely cabined," and "refusal to dismiss is appropriate only in the rarest cases." *In re Richards*, 213 F.3d 773, 786, 788 (3d Cir. 2000). Those "rare cases" include where dismissal is "clearly contrary to the public interest," or where "the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *Id.* at 786-87; *see also Rinaldi v. United States*, 434

U.S. 22, 29 n.15 (1977) (explaining denying a Rule 48(a) motion may be appropriate "if the motion is prompted by considerations clearly contrary to the public interest"). And Rule 48(a) does not permit dismissals where the Government seeks to harass the defendant by "engag[ing] in a cycle of levying and dismissing charges." *Richards*, 213 F.3d at 787; *see also Rinaldi*, 434 U.S. at 29 n.15 (explaining Rule 48(a)'s "leave of court" requirement's "principal object . . . is to protect a defendant against prosecutorial harassment").

Rule 48(a) motions present thorny separation-of-power concerns because "[w]hether to prosecute and what charge to file or bring . . . are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see also Gonzalez*, 58 F.3d at 462 ("Separation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative."). Still, Rule 48(a) allows courts to question the Government on its reasons for dismissal. *Richards*, 213 F.3d at 788; *see also United States v. Mastonardo*, 2015 WL 3796012, at *1 (E.D. Pa. June 18, 2015) (explaining to "honor" Rule 48(a)'s purpose, "the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision" (quoting *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984))); *see generally* 3B Wright & Miller, *supra*, § 802 ("Since the court must exercise sound judicial discretion in considering a request for dismissal, it must have sufficient factual information supporting the recommendation."). The Government must offer more than conclusory reasons. *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (explaining the Government "is under an obligation to supply sufficient reasons—reasons that constitute more than 'a mere conclusory interest'" (internal citation omitted)).

The Government's argument under *Lacy* miscomprehends the case. In *Lacy*, the Third Circuit reiterated its holding in *United States v. Barbosa*, 271 F.3d 438 (3d Cir. 2001) and *United States v. Vazquez*, 271 F.3d 93 (3d Cir. 2001) (*en banc*), "that drug identity and quantity must be treated as elements" in Section 841 drug prosecutions if either factor increases the maximum statutory penalty. 446 F.3d at 453-54. But *Lacy* does not apply here because the drug identity (heroin v. fentanyl) and the drug quantity (100 grams or more of heroin v. 40 grams or more of fentanyl) do not increase the maximum statutory penalty for the offense that Pichardo pled guilty to. Said differently, had Pichardo pled guilty to trafficking or possessing with the intent to distribute 40 grams or more of fentanyl (the drug he really possessed in Camden), he would face the same statutory maximum penalty he does now under his current guilty plea to the same conduct but with heroin. 21 U.S.C. § 841(b)(1)(B)(i),(vi). Because drug identity and quantity do not increase the statutory maximum penalty here, the Government's argument under *Lacy* falls flat.

And the Government need not prove Pichardo intended to possess a specific drug. *Barbosa*, 271 F.3d at 458 ("[I]t is well settled that the Government must show that the defendant knew that the substance in which he trafficked was a controlled substance."); *see also United States v. Henlon*, 352 F. App'x 727, 730 (3d Cir. 2009) (ruling "the District Court did not err by refusing to charge the jury that it had to determine what particular type of controlled substance Henlon intended to possess"). That Pichardo believed he possessed heroin and not fentanyl does not change the result. *Barbosa*, 271 F.3d at 458 ("Barbosa's awareness that he was trafficking in what he believed was a controlled substance, albeit a different type for which he was arrested, is all that is required to satisfy the *mens rea* portion of the substantive offense."); *see also Henlon*, 352 F. App'x at 730 ("Henlon may be convicted

of and punished for possessing and intending to distribute heroin, even if she believed that the controlled substance at issue was marijuana.").

That said, the Court finds the Government's proffered reasons to dismiss the Information are not "clearly contrary to the public interest." *Richards*, 213 F.3d at 786 (internal citation and quotation marks omitted). The Government's reasons for a Rule 48(a) dismissal are proper and touch on prosecutorial discretion, which the separation-of-powers doctrine prohibits courts from second-guessing. *See Gonzalez*, 58 F.3d at 462.

First, the Government's desire to follow DOJ's new enforcement priorities justifies the Government's Rule 48 motion. *See Rinaldi*, 434 U.S. at 31 (finding district court erred by refusing to grant Rule 48 motion, and finding the Government's decision to terminate prosecution based on DOJ *Petite* policy "was motivated by considerations which cannot fairly be characterized as 'clearly contrary to manifest public interest'" (quoting *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975))).

In December 2022, the Attorney General released new guidance for federal prosecutors on charging, pleas, and sentencing in drug cases. *See* Memorandum from Attorney General Merrick Garland to all Federal Prosecutors (Dec. 16, 2022) (on file on the Department of Justice Website). This policy is aimed at drug prosecutions under Title 21 in which "mandatory minimum sentences based on drug type and quantity have resulted in disproportionately severe sentences." *Id.* at 1. In deciding whether to charge an offense that carries a mandatory minimum, the Attorney General instructs prosecutors to consider several criteria, like the defendant's use or threaten use of violence or a weapon, whether the defendant had a "significant managerial role in the trafficking of significant quantities of drugs," or had "significant ties to a large-scale criminal organization." *Id.* at 2. If a defendant

8

satisfies all or some criteria, the Attorney General instructs prosecutors to "carefully" consider if a defendant should be charged with a drug quantity to trigger a mandatory minimum. *Id.*

The Government's desire here to follow the Attorney General's new guidance by not seeking a charge that requires a mandatory minimum sentence for Pichardo falls within the prosecutorial decision-making that courts are "ill-suited" to review. *Wayte v. United States*, 470 U.S. 598, 607 (1985) (explaining prosecution's decision to prosecute may rest on "the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan"). The decision to follow the DOJ's new enforcement priorities is not contrary to the public's interest. *See Rinaldi*, 434 U.S. at 31.

Second, the Government's and Pichardo's former counsel's apparent confusion on Pichardo's prior criminal history, which, in turn, may have caused Pichardo to not fully appreciate the risk of being classified as a Career Offender under the sentencing guidelines, is a factor that serves to support the Government's Rule 48 motion. *Cf. Gonzalez*, 58 F.3d at 462 (finding the Government's reason for Rule 48 dismissal—that defendant received poor assistance of counsel and was not informed of the removal consequences of his guilty plea— "were entirely proper and appropriate" to justify dismissal). Based on the record, neither party appears to have understood Pichardo's criminal history. Thus, the Government has provided sufficient reasons to dismiss under Rule 48(a).

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** the Government's Motion to Dismiss the Information under Federal Rule of Criminal Procedure 48(a).

An accompanying Order as of today's date shall issue.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

Dated: January 23, 2024